IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| BERTHA VALDEZ, AS REPRESENTATIVE OF THE ESTATE OF CARMEN CRUZ, AND FOR AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF CARMEN CRUZ UNDER THE TEXAS WRONGFUL DEATH AND SURVIVAL ACTS; FELIPE CRUZ, FELIPE CRUZ, JR., JOSUE CRUZ, NANCY CRUZ, AND VICTORIA CRUZ PREZAS.<br><br>Plaintiffs,<br><br>v.<br><br>ETHICON, INC., ETHICON US, LLC, ETHICON ENDO-SURGERY, INC., AND JOHNSON & JOHNSON,<br><br>Defendants. | Case No. 2:19-cv-00047<br><br>(Removed from the 38th Judicial District Court of Uvalde County, Texas, Case No. 2019-07-32850-CV) |

## NOTICE OF REMOVAL

Defendants Ethicon, Inc., Ethicon US, LLC, Ethicon Endo-Surgery, Inc., and Johnson & Johnson ("Defendants") file this Notice of Removal of this action from the 38th Judicial District Court of Uvalde County, Texas to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### BACKGROUND

1. Plaintiffs are family members of Carmen Cruz, who passed away on January 24, 2016. Exhibit A at ¶ 16.

2. Plaintiffs claim that in 2012, Ms. Cruz underwent a surgical procedure at Uvalde Memorial Hospital during which a medical device called a power morcellator was used. *Id.* at ¶ 14. Plaintiffs allege that the power morcellator was designed, developed, manufactured, and

distributed by Defendants, and that its use during Ms. Cruz's surgery contributed to her eventual passing.  *See generally id*.

3. On July 1, 2019, more than three years after Ms. Cruz's passing, Plaintiffs commenced this action by filing an Original Petition in the 38th Judicial District Court of Uvalde County, Texas.  *Id*.  In the Original Petition, Plaintiffs assert various tort claims against Defendants, including claims for negligence, strict products liability, breach of implied warranty, gross negligence, fraud, and exemplary damages.  *Id.* at ¶¶ 55-132.

4. On July 5, 2019, Plaintiffs served Defendants' registered agent with a citation and copy of the Original Petition.  See Exhibit B.

## BASIS FOR REMOVAL

5. This case is removable to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

**A. There is complete diversity of the parties and there are no local defendants.**

6. Plaintiffs are all citizens of the State of Texas.  See Exhibit A at ¶¶ 2-7.

7. Defendant Ethicon, Inc. is a citizen of the State of New Jersey.  *Id*. at ¶ 8.

8. Defendant Ethicon US, LLC is a citizen of the State of Ohio.  *Id.* at ¶ 9.

9. Defendant Ethicon Endo-Surgery, Inc. is a citizen of the State of Ohio.  *Id.* at ¶ 10.

10. Defendant Johnson & Johnson is a citizen of the State of New Jersey.  *Id.* at ¶ 11.

**B. The amount in controversy exceeds $75,000.**

11. When a plaintiff files a state court action and fails to specify the numerical value of its damages claims, the defendant may show that the amount in controversy exceeds the jurisdictional limits by demonstrating that it is facially apparent that the value of the plaintiff's claims likely exceeds $75,000.  *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th

Cir. 1999). On multiple occasions, the Fifth Circuit has found it facially apparent that wrongful death and other tort claims seeking damages for significant personal injuries exceed the amount-in-controversy requirements for federal diversity jurisdiction. *See, e.g., DeAguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (wrongful death claims); *Luckett*, 171 F.3d at 298; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 67 (5th Cir. 2010) (wrongful death claims).

12.     Here, Plaintiffs' Original Petition does not specify the numerical value of their various tort claims. It is facially apparent, however, that each Plaintiff seeks damages in excess of $75,000. Indeed, Plaintiffs allege that they personally "sustained severe and permanent physical, mental, and emotional injuries as well as economic losses." *See* <u>Exhibit A</u> at ¶ 134. Moreover, Plaintiffs allege that Ms. Cruz "suffered severe and debilitating injuries and experienced conscious pain and suffering before her untimely death." *Id.* at ¶ 135. Finally, Plaintiffs seek to recover damages "for all medical expenses, funeral and burial expenses, all damages available under the Texas Survival Act, all damages entitled to them under the Texas Wrongful Death Act, and . . . all other damages they are entitled to under the law," including exemplary damages. *Id.* ¶ 136. Under these circumstances, it is facially apparent that each Plaintiff seeks damages in excess of the jurisdictional requirements. *Menendez*, 364 Fed. Appx. at 67 (holding that it was facially apparent that plaintiffs' wrongful death claims satisfied the amount-in-controversy requirement when plaintiffs sought damages for their personal injuries sustained as a result of a family member's death, including mental pain and suffering).

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1), because it is filed within thirty (30) days after Defendants' receipt of a copy of the Original Petition.

14. Pursuant to 28 U.S.C. § 1446(d), Defendants will serve a copy of this Notice of Removal on Plaintiffs and the 38th Judicial District Court of Uvalde County, Texas contemporaneously with this filing.

15. A copy of all process, pleadings, and orders served upon Defendants in the state court action are attached hereto as Exhibits A and B.

16. All Defendants join in and consent to the removal of this action to this Court.

### REQUEST FOR RELIEF

WHEREFORE, Defendants hereby remove this action from the 38th Judicial District Court of Uvalde County, Texas to the United States District Court for the Western District of Texas, Del Rio Division.

Respectfully submitted,

*/s/ Lucas C. Wohlford*
Lucas C. Wohlford
lwohlford@btlaw.com
State Bar No. 24070871
**BARNES & THORNBURG LLP**
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Phone: 214-258-4149
Facsimile: 214-258-4199

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 5, 2019, a true and correct copy of the above and foregoing was electronically filed via the Court's CM/ECF system and served on the following counsel of record for Plaintiffs via electronic mail and Certified Mail Return Receipt Requested:

Nicole Elizalde Henning
Christopher M. Blanton
THE HENNING LAW FIRM
435 W. Nakoma Drive, Suite 101
San Antonio, Texas 78216

                                        */s/ Lucas C. Wohlford*
                                        Lucas C. Wohlford